# United States District Court
## District of Massachusetts

|  | CIVIL SERVICE ACTION NO. |
|---|---|
| Raymond Morales, Pedro Rosado, Jose Carasquillo, Jesus Fuentes, Luis Rodriguez, Eliezer Sanchez aka Elizer Sanchez, Javier Cumba-Diaz aka Javier Cumba, Juan Caraballo, Leonardo Santiago, and Jose Cordova, Plaintiffs, v. Advanced Detailing Concepts, Inc. and Richard Lavoie, Defendants, | **CLASS ACTION COMPLAINT** |

NOW COME Raymond Morales, Pedro Rosado, Jose Carasquillo, Jesus Fuentes, Luis Rodriguez, Eliezer Sanchez aka Elizer Sanchez, Javier Cumba-Diaz aka Javier Cumba, Juan Caraballo, Leonardo Santiago, and Jose Cordova, individually, and on behalf of all other persons similarly situated, and move for relief from the repeated violations of their rights under both federal and state law by their employer ("Advanced Detailing Concepts, Inc.", hereinafter "Advanced"). The Defendants have failed to properly compensate the Plaintiffs. The Plaintiffs bring this suit pursuant to *29 U.S.C. §§ 206 and 207* (Fair Labor Standards Act, FSLA), *29 C.F.R § 778.111* (Pieceworker)[1] and Connecticut Overtime Law, *28 C.G.S.A § 31-76b, R.C.S.A. § 31-62-D2*.[2]

---

[1] The United States Department of Labor provides the following guidance for properly computing compensation for "piecework" employees at https://www.dol.gov/whd/regs/compliance/hrg.htm:

### Computing Overtime Pay
Overtime must be paid at a rate of at least one and one-half times the employee's regular rate of pay for each hour worked in a workweek in excess of the maximum allowable in a given type of employment. Generally, the regular rate includes all payments made by the employer to or on behalf of the

PLAINTIFF CLASS ACTION COMPLAINT - 1

## Parties

1. Plaintiff Raymond Morales (hereinafter "Morales") is an individual currently residing at 158 Norfolk Street, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut.

2. Plaintiff Pedro Rosado (hereinafter "Rosado") is an individual currently residing at 32 Edmund Wynne Circle, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

3. Plaintiff Jose Carasquillo (hereinafter "Carasquillo") is an individual currently residing at 356 Belmont Ave, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

4. Plaintiff Jesus Fuentes (hereinafter "Fuentes") is an individual currently residing at 80 Clayton Street, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

---

employee (except for certain statutory exclusions). The following examples are based on a maximum 40-hour workweek applicable to most covered nonexempt employees.

1. **Hourly rate** (regular pay rate for an employee paid by the hour) - If more than 40 hours are worked, at least one and one-half times the regular rate for each hour over 40 is due.
   **Example:** An employee paid $8.00 an hour works 44 hours in a workweek. The employee is entitled to at least one and one-half times $8.00, or $12.00, for each hour over 40. Pay for the week would be $320 for the first 40 hours, plus $48.00 for the four hours of overtime - a total of $368.00.
2. **Piece rate** - The regular rate of pay for an employee paid on a piecework basis is obtained by dividing the total weekly earnings by the total number of hours worked in that week. The employee is entitled to an additional one-half times this regular rate for each hour over 40, plus the full piecework earnings.
   **Example:** An employee paid on a piecework basis works 45 hours in a week and earns $405. The regular rate of pay for that week is $405 divided by 45, or $9.00 an hour. In addition to the straight-time pay, the employee is also entitled to $4.50 (half the regular rate) for each hour over 40 - an additional $22.50 for the 5 overtime hours - for a total of $427.50.
   Another way to compensate pieceworkers for overtime, if agreed to before the work is performed, is to pay one and one-half times the piece rate for each piece produced during the overtime hours. The piece rate must be the one actually paid during nonovertime hours and must be enough to yield at least the minimum wage per hour.

...

PLAINTIFF CLASS ACTION COMPLAINT - 2

5. Plaintiff Luis Rodriguez (hereinafter "Rodriguez") is an individual currently residing at 165 Switzer Avenue, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

6. Plaintiff Eliezer Sanchez aka Elizer Sanchez (hereinafter "Sanchez") is an individual currently residing at 611 Bay Street, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

7. Plaintiff Javier Cumba-Diaz aka Javier Cumba (hereinafter "Cumba") is an individual currently residing at 11 Armory Street, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

8. Plaintiff Juan Caraballo (hereinafter "Caraballo") is an individual currently residing at 94 Waldorf Street, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

9. Plaintiff Leonardo Santiago (hereinafter "Santiago") is an individual currently residing at 2075 Northampton Street, Holyoke, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

10. Plaintiff Jose Cordova (hereinafter "Cordova") is an individual currently residing at 144 Plainfield Street, Springfield, MA, Commonwealth of Massachusetts. At all times, relevant herein, he worked as a pieceworker at Advanced's location in East Windsor, Connecticut

PLAINTIFF CLASS ACTION COMPLAINT - 3

11. Defendant Advanced Detailing Concepts, Inc (hereafter referred to as "Advanced") is a corporation organized under the laws of Connecticut, with a principal office located at 164 South Main Street, East Windsor, CT, 06088 and is the employer of the Plaintiffs.

12. Defendant Richard Lavoie is and individual residing at 459 Thrall Ave., Suffield, Ct, 06078 and is the owner and operator of Advanced Detailing Concepts, Inc. and is the employer of the Plaintiffs.

## Jurisdiction

13. This matter is brought before this Honorable Court pursuant to *28 U.S.C. § 1331* ("federal question") as the Plaintiffs assert a violation of *28 U.S.C.§ 201 et. seq.* (FSLA) and specifically *28 U.S.C. § § 206 and 207* for the Defendants failure to pay their employees in conformance with FSLA. The Defendants have also violated *28 U.S.C. § 218 c* as the Defendants have discriminated against Plaintiffs and in some case discharged Plaintiffs in retaliation to Plaintiffs assertion on their rights under *28 U.S.C 201 et. seq.* and over the state claims under *28 U.S.C § 1367 (a);*

14. Jurisdiction is also present pursuant to *28 U.S.C. Section 1332*, on diversity grounds as all the Plaintiffs reside in Massachusetts and Defendants reside in Connecticut

15. This Court has specific personal jurisdiction over the Defendants in this matter and the exercise of jurisdiction satisfies the federal requirement of constitutional due process.

16. This Court has general personal jurisdiction over the Defendants in this matter as they have engaged in continuous and systematic activity in the forum state as set forth below.

17. The collective amount in controversy exceeds $75,000.

## Venue

18. Venue is properly in this district pursuant to *28 U.S.C. § 1391 (b)(2);*

    a. Defendants have engaged in significant activities within Massachusetts.

   b. Defendants have recruiting plaintiffs and others similarly situated in the state for employment.

   c. Defendants have mailed and sent paychecks to the Plaintiffs residences in Massachusetts.

   d. Defendants have traveled to and recruited business patrons within Massachusetts.

   e. Defendants have License Plates issued by the Massachusetts Registry of Motor Vehicles for transportation and business related matters in Massachusetts.

   f. Defendants have performed work on vehicles owned and registered to residents of Massachusetts.

   g. Defendants have made direct deposits of employees' pay into bank accounts in Massachusetts.

   h. Defendants have made and received telephone calls to and from their employee residents of Massachusetts at their residences and on their Massachusetts cell phones to conduct the daily operations of their business including the scheduling of employees' work, which they engage in via telephone calls from the Defendants business in Connecticut to Massachusetts resident employees.

   i. Defendants have made and received telephone calls to Massachusetts resident customers who have their cars in for detailing at their Connecticut place of business.

   j. Defendants have made telephone calls and sent mailings to the resident employees in Massachusetts.

   k. These actions of the Defendants within Massachusetts and involving Massachusetts residents constitute continuous and systemic activity of the Defendants in the forum state.

PLAINTIFF CLASS ACTION COMPLAINT - 5

l. The causes of action pertinent to this lawsuit also arose out of the business that the Defendants transacted within Massachusetts.

## **Factual Allegations**

19. Defendants are employers subject to *29 U.S.C. 201 et. seq.* (FSLA);

20. Plaintiffs are or have been employees of the Defendants for the past three years;

21. Plaintiffs are all pieceworkers in conformance with subsection (g) of *29 U.S.C § 207*

22. Defendants have failed to pay Plaintiffs in accordance with *29 U.S.C 201 et. Seq., 29 U.S.C § 207 (g)*, and *29 CFR § 778.11* as follows;

   a. Plaintiff Raymond Morales began working as a pieceworker for Advanced in August of 2013.

   b. His responsibilities included to fully detail a vehicle including but not limited to using their manual dexterity and bodily coordination to perform an array of tasks. He washes the exterior of vehicles using various cleaning solutions, but he may also wax and buff vehicles using cloths and buffing machines. Inside of the car, he typically vacuums to remove dirt and debris, clean upholstery and surfaces, use air compressors and cloths to dry surfaces and apply preservation chemicals to surfaces for protection against spots and stains. He may use different kinds of dyes, paints and waxes to protect the leather or fabric of vehicles. Some detailing jobs involve cleaning and removing any grease on engines or engine compartments. He uses various hoses and pumps to wash vehicles, rinse and dry mats and polish wheels. Additional duties may include managing and maintaining the appropriate level of supplies. He might be asked to organize work records, files and reports as well.

   c. Plaintiff Morales worked only on the premises of Advanced.

PLAINTIFF CLASS ACTION COMPLAINT - 6

d. He works a minimum of 46 hours to a maximum of 52 hours per calendar week.

e. While working as a pieceworker, at a rate of ($15-$50) per piece less 30% company earned commission, Morales was paid a random salary per week. He received a paystub reporting this income.

f. He realized there was a problem with his pay within months of being employed and brought it up to the defendant in multiple occasions without resolution.

g. Morales began communicating with the Connecticut Department of Labor regarding certain violations he observed with his pay.

h. One month after commencing his discussions with the Connecticut Department of Labor, Morales employment was terminated on or about December 19, 2016.

i. Plaintiff Cumba began working as a pieceworker for Advanced in August of 2013.

j. His responsibilities as a pieceworker were the same as Plaintiff Morales.

k. He works a minimum of 34 hours to a maximum of 56 hours per calendar week.

l. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

m. Plaintiff Rodriguez began working as a pieceworker for Advanced in February 2013.

n. His responsibilities as a pieceworker were the same as Plaintiff Morales.

o. He works a minimum of 34 hours to a maximum of 56 hours per calendar week.

p. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

q. Plaintiff Rosado began working as a pieceworker for Advanced in August of 2013.

r. His responsibilities as a pieceworker were the same as Plaintiff Morales.

s. He works a minimum of 40 hours to a maximum of 50 hours per calendar week.

PLAINTIFF CLASS ACTION COMPLAINT - 7

t. He realized there was a problem with his pay within months and brought it up to the defendant in multiple occasions without resolution.

u. Plaintiff Sanchez began working as a pieceworker for Advanced in July 0f 2002.

v. His responsibilities as a pieceworker were the same as Plaintiff Morales.

w. He works a minimum of 30 hours to a maximum of 60 hours per calendar week.

x. He realized there was a problem with his pay within months and brought it up to the defendant in multiple occasions without resolution.

y. Plaintiff Fuentes began working as a pieceworker for Advanced in August of 2015

z. His responsibilities as a pieceworker were the same as Plaintiff Morales.

aa. He works a minimum of 32 hours to a maximum of 52 hours per calendar week.

bb. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

cc. Plaintiff Caraballo began working as a pieceworker for Advanced in October of 2011.

dd. His responsibilities as a pieceworker were the same as Plaintiff Morales.

ee. He works a minimum of 30 hours to a maximum of 45 hours per calendar week.

ff. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

gg. Plaintiff Carasquillo began working as a pieceworker for Advanced in April of 2016.

hh. His responsibilities as a pieceworker were the same as Plaintiff Morales.

ii. He works a minimum of 30 hours to a maximum of 50 hours per calendar week.

PLAINTIFF CLASS ACTION COMPLAINT - 8

jj. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

kk. Three month after commencing his discussions with the Connecticut Department of Labor and his attorney, Carasquillo employment was terminated on or about January 31, 2017.

ll. Plaintiff Cordova began working as a pieceworker for Advanced in September of 2016. (He has worked on and off for this company for several years.)

mm. His responsibilities as a pieceworker were the same as Plaintiff Morales.

nn. He works a minimum of 32 hours to a maximum of 52 hours per calendar week.

oo. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

pp. Plaintiff Santiago began working as a pieceworker for Advanced in 2015.

qq. His responsibilities as a pieceworker were the same as Plaintiff Morales.

rr. He works a minimum of 30 hours to a maximum of 55 hours per calendar week.

ss. He realized there was a problem with his pay within months of working and brought it up to the defendant in multiple occasions without resolution.

### Count I: Fair Labor Standards Act Claim

*(On Behalf of Plaintiffs Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, Cordova, and All Others Similarly Situated)*

23. Plaintiffs hereby re-assert and re-allege the allegations contained in paragraphs one through twenty-four (24) as though fully set forth herein.

24. Plaintiffs seek to bring this action on behalf of themselves and other similarly situated individuals as authorized under *29 U.S.C. §216(b)* and pursuant to *FRCP Rule 23* of the Federal Rules of Civil Procedure.

PLAINTIFF CLASS ACTION COMPLAINT - 9

25. The proposed collective action is defined as follows: all piece rate workers employed in Advanced ("the FLSA Class").

26. The claims of the individual Plaintiffs are typical of the claims of the FLSA Class.

27. There are numerous common questions of law and fact among the members of the FLSA class regarding the alleged willful and knowing violations of the FLSA.

28. The FLSA Class is too numerous for each matter to feasibly be litigated individually, and individual prosecution of each matter would risk of producing inconsistent and varying adjudication.

29. By its conduct, as more set forth herein, Advanced violated *29 U.S.C §207(a)* by failing to pay Plaintiffs overtime compensation at time-and-one-half their regular hourly rate.

30. Plaintiffs Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, Cordova and others similarly situated have been damaged by said violations and continue to suffer by this violation.

31. Pursuant to *29 U.S.C. §207(a) and §213*, Advanced is liable to Plaintiffs for compensation for unpaid overtime at one and one half times the regular hourly rate plus an additional equal amount as liquidated damages, prejudgment interest, plus the costs and reasonable attorneys' fees.

32. In violation of the FLSA, the Defendants suffered and permitted members of the FLSA Class to work more than 40 hours per week without overtime compensation at a rate of time-and-one-half their regular hourly rate.

33. The Defendants' conduct was repeated, willful, and intentional and has caused significant damage to the Plaintiffs and the FLSA Class.

34. The members of the FLSA Class are similarly situated and numerous. They were all non-exempt hourly employees of Advanced.

PLAINTIFF CLASS ACTION COMPLAINT - 10

## Count II: Connecticut Overtime Law Claim

*(On Behalf of Plaintiffs Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, Cordova, and All Others Similarly Situated)*

35. Plaintiffs hereby re-assert and re-allege the allegations contained in paragraphs one through thirty-four (34) as though fully set forth herein.

36. By its conduct as set forth herein, Advanced violated *28 U.S.C § 1376(a)* by failing to pay Plaintiffs and others similarly situated in the Commonwealth of Connecticut overtime compensation at time-and-one-half their regular hourly rates.

37. Advanced violations of *C.G.S.A. § 31-76b* were repeated, willful, and intentional.

38. Plaintiffs and the Wage Act Class have been damaged by said violations of *C.G.S.A. § 31-76b*. Pursuant to *C.G.S.A. § 31-76b*, Advanced is liable to Plaintiffs and the Wage Act Class for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

## Count III: Failure to Compensate as Pieceworker

*(On Behalf of Plaintiffs Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, Cordova, and All Others Similarly Situated)*

39. Plaintiffs hereby re-assert and re-allege the allegations contained in paragraphs one through thirty-eight (38) as though fully set forth herein.

40. Plaintiff's Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, and Cordova and other employees of Advanced were not paid in the manner required for pieceworkers as required by *29 U.S.C. 207 (a) and 29 C.F.R § 778.111*.

41. Under *29 C.F.R § 778.111,* the piecework employees are to be paid for waiting time and other hours' work, at the minimum hourly rate of the State of Connecticut of nine dollars and sixty cents ($9.60), but were not so paid, and therefore their overtime pay at one in a

half their hourly rate for all hours worked over forty has not been paid. Accordingly, they were incorrectly paid as pieceworkers.

42. The Employees have not been paid as pieceworker but the facts support the idea that they are pieceworkers under the law.

43. As a result, Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba-Diaz, Caraballo, Santiago, and Cordova and those similarly situated have suffered severe economic damage.

## Count IV: Retaliation

*(On Behalf of Plaintiffs Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, Cordova, and All Others Similarly Situated)*

44. Plaintiffs hereby re-assert and re-allege the allegations contained in paragraphs one through forty-three (43) as though fully set forth herein.

45. An employee must be protected from unlawful discharge or discrimination because he or she has filed a complaint based on wage and hour violations. *29 U.S.C. §215(a)(3); 29 U.S.C. § 218 (c); C.G.S.A. § 31-76b.*

46. Defendants Advanced and Lavoie were aware that several of the employees had spoken with the Connecticut Department of Labor.

47. Since the Connecticut Departments of Labor investigation has begun, plaintiffs have been dismissed without good cause.

48. The temporal proximity of these events raises a presumption in favor of retaliatory motives on behalf of Advanced.

## Count V: Quantum Meruit/Unjust Enrichment

*(On Behalf of Plaintiffs Morales, Rosado, Carasquillo, Fuentes, Rodriguez, Sanchez, Cumba, Caraballo, Santiago, Cordova, and All Others Similarly Situated)*

PLAINTIFF CLASS ACTION COMPLAINT - 12

49. Plaintiffs hereby re-assert and re-allege the allegations contained in paragraphs one through Forty-eight (48) as though fully set forth herein.

50. Plaintiffs made significant contributions to the establishment and growth of Advanced.

51. The Plaintiffs conferred a valuable benefit upon the Defendants.

52. Plaintiffs provided the services with the expectation of receiving reasonable compensation.

53. Reasonable compensation must be paid to the Plaintiffs in order to avoid injustice and unjust enrichment.

Wherefore, the Plaintiffs seek the following remedies:

1. That Defendants be found liable on all counts;

2. That Defendants be held liable to the Plaintiffs for the past three (3) years for violations of the Federal and State statutory;

3. That Defendant be held liable to the Plaintiffs for damages for the past (6) years;

4. That Defendants be held liable to specific plaintiffs for punitive damages;

5. That Defendants be held liable for all compensation not paid in accordance with *29 U.S.C. 201 et. seq.* and *C.G.S.A § 31-76b;*

6. That Defendants be held found liable for reasonable attorney fees, cost expenses and other remedies this Honorable Court finds just, proper, and reasonable under the facts of this complaint in furtherance of the purpose under the LAW.

PLAINTIFF CLASS ACTION COMPLAINT - 13

2. That Defendants be held liable to the Plaintiffs for the past three (3) years for violations of the Federal and State statutory;

3. That Defendant be held liable to the Plaintiffs for damages for the past (6) years;

4. That Defendants be held liable to specific plaintiffs for punitive damages;

5. That Defendants be held liable for all compensation not paid in accordance with *29 U.S.C. 201 et. seq.* and *C.G.S.A § 31-76b;*

6. That Defendants be held found liable for reasonable attorney fees, cost expenses and other remedies this Honorable Court finds just, proper, and reasonable under the facts of this complaint in furtherance of the purpose under the LAW.

Plaintiffs demand trial by jury on all counts so triable.

The Plaintiffs,
By Their Attorney,

/s/ Marshall T. Moriarty

Marshall T. Moriarty, Esq/BBO# 354910
Moriarty Law Firm
34 Mulberry Street
Springfield, Massachusetts 01105
Tel 413- 654- 1077
Fax 413- 736- 1345
mmoriarty@moriarty-lawfirm.com

Dated: February 13th, 2017

PLAINTIFF CLASS ACTION COMPLAINT - 14