UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAYMOND MORALES, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | 17-cv-10234-MGM |
| ADVANCED DETAILING CONCEPTS, | * | |
| INC., ET AL. | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER ON DEFENDANTS'

MOTIONS TO DISMISS

(Dkt. Nos. 11, 12)

August 30, 2017

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Raymond Morales ("Morales"), Pedro Rosado, Jose Carasquillo ("Carasquillo"), Jesus Fuentes, Luis Rodriguez, Eliezer Sanchez, Javier Cumba-Diaz, Juan Caraballo, Leonardo Santiago and Jose Cordova (collectively, "Plaintiffs") bring the present putative class action[1] lawsuit against their employer Advanced Detailing Concepts, Inc. and its owner Richard Lavoie (collectively, "Defendants"). (*See* Dkt. No. 1, Compl. ¶¶ 11–12.) Plaintiffs claim Defendants violated the Fair

---

[1] Plaintiffs define their class as "all piece rate workers" employed by the Defendants. (Dkt. No. 1, Compl. ¶¶ 11–12, 25.) Plaintiffs have not yet filed, and, accordingly, the court has not yet granted, a motion to certify the action as a class action. *See* Fed. R. Civ. P. 23(c). Similarly, Plaintiffs have not yet sought collective action certification under § 216(b) of the Fair Labor Standards Act ("FLSA"), the statute on which their first count is premised. (*See* Compl. ¶¶ 23–34.)

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, the federal pieceworker statute, 29 C.F.R. § 778.111, and the Connecticut Overtime Law, 28 C.G.S.A. § 31-76b, R.C.S.A. § 31-62-Section 31(d)(2), by failing to pay Plaintiffs overtime pay to which Plaintiffs are entitled. (*See* Compl. ¶¶ 23–53.) Plaintiffs also allege retaliation under federal and state law, (*see* Compl. ¶ 45 (citing 29 U.S.C. §§ 215(a)(3) and C.G.S.A. § 31-76b)), claiming Defendants Morales and Carasquillo were terminated for reporting Defendants' underpayment to the Connecticut Department of Labor. (*Id.* ¶¶ 22.) Lastly, Plaintiffs assert a claim in quantum meruit, stating reasonable compensation for their work must be paid "in order to avoid injustice and unjust enrichment." (*Id.* ¶¶ 49–53.)

By way of relief, Plaintiffs request Defendants be held liable for punitive damages; unpaid compensation; and reasonable attorney's fees, costs, and expenses. (*See id.* ¶¶ 3–6.) Defendants have filed two separate motions to dismiss. The first requests dismissal of Plaintiffs' quantum meruit claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. 11, Defs.' Mot. to Dismiss for Failure to State Quantum Meruit Claim.) The second requests dismissal of Plaintiffs' action pursuant to Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, respectively, or, in the alternative, transfer under 28 U.S.C. § 1406(a). (*See* Dkt. No. 12, Defs.' Mot. to Dismiss For Lack of Personal Jurisdiction and Improper Venue or Motion to Transfer.)

## II.   FACTS

Richard Lavoie ("Lavoie") owns Advanced Detailing Concepts, Inc. ("Advanced"), a car detailing business organized under the laws of, and with a principal place of business in, East Windsor, Connecticut. (Compl. ¶ 11.) Plaintiffs, who are all Massachusetts residents, (*id.* ¶¶ 1–10), are either presently employed or have been employed by Advanced in the past three years. (*Id.* ¶ 20.) Plaintiffs' work for Advanced is performed at Advanced's location in East Windsor. (*Id.* ¶¶ 1–10.)

Plaintiffs' responsibilities include cleaning and maintaining vehicles; managing supply levels; and organizing work records, files, and reports. (*Id.* ¶ 22.)

Plaintiffs' complaint alleges that at some point during their employment, each perceived a discrepancy between the number of hours worked and the amount they were paid. (*Id.*) According to Plaintiffs, the discrepancy was the result of Defendants' failure to "pay Plaintiffs overtime compensation at time-and-one-half their regular hourly rate" when such payment was appropriate, (*id.* ¶¶ 29, 31, 36), as well as Defendants' failure to compensate Plaintiffs for "waiting time and other hours' work" as required under federal law governing the payment of pieceworkers. (*Id.* ¶ 40–41.) Each Plaintiff subsequently broached the issue with Advanced "on multiple occasions without resolution." (*Id.* ¶ 22.) Morales and Carasquillo also reported the issue to the Connecticut Department of Labor, soon after which they were terminated. (*Id.*) It appears the remaining Plaintiffs continue to be Advanced employees. (*See generally id.* ¶¶ 20–22.)

### III. STANDARD OF REVIEW

#### A. Lack of personal jurisdiction

Because the court may not pass on the substance of Plaintiffs' claims absent proper jurisdiction, the court begins by analyzing Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See, e.g.*, *Callahan v. Harvest Bd. Int'l Inc.*, 138 F. Supp. 2d 147, 165 n.12 (D. Mass. 2001) (acknowledging "lack of personal jurisdiction can end the inquiry"); *Wang v. Schroeter*, No. 11–10009–RWZ, 2011 WL 6148579, at *3 n.10 (D. Mass. Dec. 9, 2011) (declining to address the defendants' remaining motions after finding a lack of personal jurisdiction). Personal jurisdiction is a court's "power to require [litigating] parties to obey its decrees." *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999) (citing *Burnham v. Superior Court*, 495 U.S. 604, 608–09 (1990)). Where, as here, personal jurisdiction is contested, the burden is on the plaintiff to "prov[e] the facts upon

which the existence of jurisdiction depends." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1090 (1st Cir. 1992) ("*Pleasant St. I*") (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In assessing whether a plaintiff has done so, a court "accepts the facts put forth by [the] plaintiff and those facts are construed in the light most favorable to [the] plaintiff's jurisdictional claim." *Griffiths*, 187 F. Supp. 3d at 346. However, where, as here, "a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the 'prima facie' standard governs," pursuant to which a plaintiff "must 'go beyond the pleadings and make affirmative proof'" of the jurisdictional facts alleged. *Swiss Am. Bank*, 274 F.3d at 618. When evaluating whether such affirmative proof exists, "[a] [c]ourt may consider affidavits submitted in support of [a] motion to dismiss [for lack of personal jurisdiction] if they are based on the personal knowledge of a competent affiant." *Milford Power Ltd. P'ship by Milford Power Assocs. Inc. v. New England Power Co.*, 918 F. Supp. 471, 478 (D. Mass. 1996)).

In addition to satisfying these pleadings standards, Plaintiffs "must show that 'the Massachusetts long-arm statute grants jurisdiction[2] and, if it does, that the exercise of jurisdiction under the statute is consistent with the Constitution" for this court to exercise personal jurisdiction over Defendants. *Hannah v. Beard*, 524 F.3d 275, 280 (1st Cir. 2008). Importantly, the First Circuit

---

[2] Plaintiff alleges both federal question and diversity jurisdiction. Diversity jurisdiction necessarily requires consideration of both the forum state's long-arm statute and the Constitution's jurisdictional limitations. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995) ("It is well established in diversity cases that 'the district court's personal jurisdiction over a nonresident defendant is governed by the forum's long-arm statute.'" (quoting *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 690 (1st Cir. 1993))). In federal question cases, a state's long-arm statute is potentially, but not necessarily, implicated. Personal jurisdiction in a federal question case properly lies where a defendant has sufficient minimum contacts with the United States as a whole, and such contacts "'exist whenever the defendant is served within the sovereign territory of the United States.'" *Medici v. Lifespan Corp.*, No. 16–cv–10289–ADB, 2017 WL 888308, at *6 (D. Mass. Mar. 6, 2017) (internal quotation marks omitted) (quoting *Whistler Corp. v. Solar Elecs., Inc.*, 684 F. Supp. 1126, 1128 (D. Mass. 1988))). Rule 4 of the Federal Rules of Civil Procedure, which governs federal service of process, therefore dictates the reach of personal jurisdiction in federal question cases. *See id.* at *6–7. "[P]ursuant to Rule 4(k)(1), [a] [c]ourt can only exercise jurisdiction . . . if [the defendant] would be subject to the jurisdiction of Massachusetts courts or if the federal statute giving rise to the cause of action authorizes nationwide jurisdiction." *Id.* at *7 (citing *Lorelei Corp. v. Cty. of Guadalupe*, 940 F.2d 717, 719–20 (1st Cir. 1991)). The Fair Labor Standards Act, upon which Plaintiff pleads federal question jurisdiction, (*see* Compl. ¶ 13), does not authorize nationwide service of process. *See Wang v. Schroeter*, No. 11–10009–RWZ, 2011 WL 6148576, at *4 n.12 (D. Mass. Dec. 9, 2011). In this case, the court must therefore turn to the Massachusetts long-arm statute in determining federal question jurisdiction as well.

has found the "limits of Massachusetts's long-arm statute [to be] coextensive with those of the Due Process Clause,"[3] *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016), effectively collapsing this twofold inquiry into one concerned solely with the requirements of due process. *See Sawtelle*, 70 F.3d at 1388 ("[W]hen a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to . . . federal constitutional standards." (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986)). The court thus proceeds to apply the relevant constitutional standards to the instant action.

Two types of personal jurisdiction comport with the strictures of the Constitution, of which a plaintiff must only show one. *See Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005) ("The plaintiff need not prove the existence of both types of [personal] jurisdiction; either one, standing alone, is sufficient."). The first type is general jurisdiction, which arises "'when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'" *Id.* (quoting *Pleasant St. I*, 960 F.2d at 1088). The second type of personal jurisdiction is specific jurisdiction. Specific jurisdiction is "'case-linked,'" *Cossart v. United Excel Corp.*, 804 F.3d 13, 20 (1st Cir 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2001)), meaning "'there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities.'" *Swiss Am. Bank*, 274 F.3d at 618 (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34

---

[3] There is some question as to whether the Massachusetts long-arm statute is in fact coextensive with the Constitution's due process requirements. *Compare Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (characterizing Massachusetts long-arm statute as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States") *with Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) ("Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution."). However, a more recent decision by the Massachusetts Appeals Court hewed to existing Supreme Judicial Court precedent, finding the Massachusetts long-arm statute "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States." *OpenRisk, LLC v. Roston*, No. 15–P–1282, 2016 WL 5596005, at *4 (Sept. 29, 2016) (citing *Automatic Sprinkler Corp. of Am. v. Seneca Foods Corp.*, 361 Mass. 441, 443 (1972)).

(1st Cir. 1998)). Plaintiff argues this court has both general and specific jurisdiction over Defendants. (Compl. ¶¶ 15–16.)

Plaintiffs set forth a series of facts upon which they base their claims of general and specific jurisdiction. In particular, Plaintiffs claim Defendants have "recruit[ed] plaintiffs and others similarly situated in [Massachusetts] for employment," (Compl. ¶ 18), "mailed and sent paychecks to Plaintiffs [sic] residences in Massachusetts," (*id.*), "traveled to and recruited business patrons within Massachusetts, (*id.*), obtained "[l]icense [p]lates issued by the Massachusetts Registry of Motor Vehicles for transportation and business related matter in Massachusetts," (*id.*), "performed work on vehicles owned and registered to residents of Massachusetts," (*id.*), "made direct deposits of employees' pay into bank accounts in Massachusetts," (*id.*), and "made and received telephone calls to and from their employee residents of Massachusetts" as well as "resident customers" "to conduct daily operations of [Defendants'] business." (*Id.*) Plaintiffs further claim Lavoie owns property in Massachusetts. (*See* Dkt. No. 15, Pls.' Mem. in Opp. to Mot. to Dismiss ("Pls.' Opp.") at 13.) (*Id.* nn.2–3.) Accepting, as it must, the facts as proffered by the Plaintiff, and construing such facts in the light most favorable thereto, *see Griffiths*, 187 F. Supp. 3d at 346, the court proceeds to apply the relevant jurisdictional standards.[4]

General jurisdiction

A court properly exercises general jurisdiction where a defendants has "'continuous and systematic contacts'" with the forum state, those contacts are purposeful, and the exercise of

---

[4] Defendants dispute some facts. Specifically, Defendants aver "neither Defendant owns property or maintains an office in Massachusetts" and that Advanced "does not solicit business from residents of Massachusetts." The court must nonetheless treat these facts as true. *See Mueller Sys., LLC v. Robert Teti & Itet Corp.*, 199 F. Supp. 3d 270, 277 (D. Mass. 2016) ("On a motion to dismiss for want of personal jurisdiction . . . [t]he [c]ourt must . . . construe disputed facts favorably towards plaintiff." (citing *Ticketmaster–N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994))).

jurisdiction is reasonable. *Medici v. Lifespan Corp.*, No. 16–cv–10289–ADB, 2017 WL 888308, at *6, --- F. Supp. 3d --- (D. Mass. Mar. 6, 2017) (quoting *Harlow*, 432 F.3d at 57). A more stringent standard, enumerated by the Supreme Court in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)), applies where the defendant is a corporation. When assessing general jurisdiction over a corporation, "the inquiry is not just whether the in-forum contacts are 'continuous and systematic,' but rather 'whether that corporation's affiliations with the [s]tate are so continuous and systematic as to render [it] essentially at home in the forum state.'" *Id.* (second alteration in original) (quoting *Daimler*, 134 S. Ct. at 761).

Plaintiffs have not alleged facts sufficient to establish general jurisdiction over Advanced in light of *Daimler*'s heightened standard. Under *Daimler*, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction," *Daimler*, 134 S. Ct. at 760, and only in "exceptional" circumstances does general jurisdiction over a corporation otherwise lie. *Id.* at 761 n.19. In this case, Advanced is neither incorporated nor has its principal place of business in Massachusetts. In addition, while the Supreme Court has not yet defined what conditions would qualify as "exceptional" within the meaning of *Daimler*, the court does not consider Advanced's alleged contacts with Massachusetts exceptional as that term is used in common parlance. Moreover, the Supreme Court and courts in this circuit have denied general jurisdiction over defendants whose contacts were far more substantial than those alleged by Plaintiff. *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (ruling no general jurisdiction despite defendant's voluminous purchases within the forum state, participation in contract negotiation in the forum state, and sending of employees for training in the forum state); *Winne v. Nat'l Collegiate Student Loan Trust 2005–01*, 228 F. Supp. 3d 141, 149 (D. Me. 2017) (concluding no general jurisdiction where defendant engaged in continuous debt collection in forum state); *Medici*, 2017 WL 888308, at *8 (denying general jurisdiction despite defendant "maintain[ing] two locations in Massachusetts,

employ[ing] people in Massachusetts, and serv[ing] some proportion of its patients in Massachusetts); *Adams v. New England Scaffolding, Inc.*, No. 13–12629–FDS, 2016 WL 6514090, at * (D. Mass. Oct. 28, 2016) ("Regularly engaging in business within a state does not itself make a corporation 'at home' in that state, as required for general jurisdiction."). Accordingly, this court lacks general jurisdiction over Advanced.

There remains the question of whether the court can assert general jurisdiction over Lavoie. Though Plaintiffs do not specify in their complaint, it appears from their response to Defendants' motion to dismiss that they are suing Lavoie as a corporate official.[5] (*See* Pls.' Opp. at 4 (stating Lavoie satisfies jurisdictional requirements of the Massachusetts long-arm statute based on precedent "subjecting corporate officers to jurisdiction [thereunder]").) It appears neither the Supreme Court nor the First Circuit have addressed whether or how *Daimler*'s heightened standard applies to corporate officials or changes the jurisdictional standard applicable thereto. The *Daimler* Court did, however, identify an individual's domicile as "equivalent" to the place at which a corporation is at home. *See Daimler*, 134 S. Ct. at 760 (quoting *Goodyear*, 564 U.S. at 924). This court thus asks whether Lavoie may be fairly said to be domiciled in Massachusetts, and finds he cannot be for the same reasons Advanced cannot be said to be at home in Massachusetts, namely that Lavoie's contacts with the present forum are not sufficiently "continuous and systematic" to demonstrate Lavoie is "at home" in Massachusetts. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317(1945).

---

[5] Indeed, Plaintiffs fail to make any distinction between Advanced and Lavoie in arguing the existence of jurisdiction over the Defendants.

Specific jurisdiction

"When general jurisdiction is lacking, the lens of judicial inquiry narrows to focus on specific jurisdiction." *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir. 1995). Specific jurisdiction "exists where there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activity." *Swiss Am. Bank*, 274 F.3d at 618 (quoting *Mass. Sch. of Law at Andover*, 142 F.3d at 34). The specific jurisdiction analysis consists of three steps: relatedness, purposeful availment, and reasonableness. *Id.* at 621. The relatedness prong requires that a suit directly arise from the defendant's forum state activities and "ensures that the element of causation remains in the forefront of the due process investigation." *Ticketmaster–N.Y.*, 26 F.3d at 206–07. The second prong, purposeful availment, requires the defendant's contacts with the forum state constitute voluntary and purposeful activity, such that being haled into court there would be foreseeable." *Swiss Am. Bank*, 274 F.3d at 642. As to the final prong, "the Constitution imposes an overall reasonableness restraint on the exercise of personal jurisdiction," *id.*, the "hallmark" of which is "fair play and substantial justice." *Foster–Miller*, 46 F.3d at 150 (quoting *Int'l Shoe Co.*, 326 U.S. at 320).

Plaintiffs claim their causes of action for underpayment of wages and retaliation arise from Defendants' various contacts with Massachusetts, which, as enumerated above, include recruitment of both employees and customers, telephone calls, obtainment of Massachusetts license plates, and direct deposit into Massachusetts bank accounts. (*See* Compl. ¶ 18; *see also supra* (discussing alleged contacts).) As alleged, these facts do not pass muster under the relatedness standard adopted by the First Circuit, which has recognized "[t]he relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties." *Sawtelle*, 70 F.3d at 1389. Indeed, while the relatedness test is a "'flexible, relaxed standard,'" *Ameral v. Intrepid Travel Party, Ltd.*, 128 F. Supp. 3d 382, 390 (D. Mass. 2015 (quoting *Pritzker v. Yari*, 42 F.3d 53, 61 (1st Cir.

9

1994)), "[a] broad 'but-for' argument is generally insufficient." *Harlow*, 432 F.3d at 61. Instead, "'the First Circuit has adopted a stricter proximate cause standard,'" *Ameral*, 128 F. Supp. 3d at 390, under which a defendant's in-state conduct is "related to" a plaintiff's claim only where it "form[s] an important, or [at least] material element of proof in the plaintiff's case." *Harlow*, 432 F.3d at 61 (second alteration in original) (internal quotation marks omitted).

The contacts alleged by Plaintiffs may be sufficient to satisfy a but-for causation test—but for Defendants' offer of employment to Massachusetts Plaintiffs, Plaintiffs would not have been underpaid and would, therefore, not now be filing suit—but they do not satisfy the greater burden of proximate cause because they are not "material element[s] of proof of Plaintiff's case." *Harlow*, 432 F.3d at 61. The proximate cause of Plaintiffs' claims are not Defendants' forays into Massachusetts generally, but rather Defendants' alleged underpayment of wages in Connecticut.[6] The relationship between Plaintiffs' claims and Defendants' in-forum contacts is therefore indirect at best. Accordingly, Plaintiffs have failed to satisfy the relatedness standard, and this court cannot find specific jurisdiction over Defendants.

Because the requirements for specific jurisdiction are conjunctive, *see Interface Grp.–Mass., LLC v. Rosen*, 256 F. Supp. 2d 103, 106 (D. Mass. 2003) ("An affirmative finding on each of the three elements is necessary to support specific personal jurisdiction." (citing *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999))), the court need not continue its inquiry into purposeful availment or reasonableness. Similarly, because the court lacks specific jurisdiction over the Defendants, it does not pass on Defendants' motions to dismiss for improper venue or failure to state a claim.

---

[6] Plaintiffs have not alleged they were unpaid or underpaid for any work performed in Massachusetts. Plaintiffs have not alleged performing any work for Advanced in Massachusetts.

B. **Transfer**

Having found personal jurisdiction to be lacking, the court next considers Defendants' motion to transfer.[7] Where a court lacks jurisdiction, it is required "either to dismiss the proceeding before it or, in the alternative, to transfer that proceeding to a court of proper competence.'" *Britell v. United States*, 318 F.3d 70, 72 (1st Cir. 2003) (discussing 28 U.S.C. § 1631). In the First Circuit, there is a "presumption in favor of transfer," *id.* at 73, "because the dismissal of an action or appeal that might thrive elsewhere is not only resource-wasting but also justice-defeating." *Id.* at 74. This presumption operates so long as transfer "is in the interest of justice." 28 U.S.C. § 1631; *see also Britell*, 318 F.3d at 74. Transfer is not in the interest of justice where it would "unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system." *Britell*, 38 F.3d at 74 (citations omitted).

In the context of this case, none of the aforementioned factors rebut presumptive transfer. There is no evidence transfer to the district of Connecticut would unfairly disadvantage Plaintiffs. Nor would transfer cause Plaintiffs to suffer unwarranted hardship; Plaintiffs already travel to and from Connecticut for work, and investigative materials, documents, and witnesses central to Plaintiffs' claims are located in Connecticut. *See Bowen v. Elanes N.H. Holdings, LLC*, 166 F. Supp. 3d 104, 108 (D. Mass. 2015) (stating in deciding whether to transfer an action, courts look to the "'convenience of the parties and witnesses,' . . . 'the relative ease of access to sources of proof, availability of compulsory process, comparative trial costs, ability to enforce a judgment' and any 'practical problems that make trial of a case easy, expeditious and inexpensive'" (quoting *J.J. Reidy &*

---

[7] Defendants move to transfer pursuant to 28 U.S.C. § 1404(a), which allows transfer where venue is improper. As explained, for lack of jurisdiction, the court does not pass on Defendants' motion to dismiss for improper venue. The court thus evaluates Defendants' motion to transfer under 28 U.S.C. § 1631, which governs transfer in cases where a court lacks jurisdiction.

11

*Co. v. Airwater Corp.*, No. 05–cv–40049–FDS, 2005 WL 3728726, at *9 (D. Mass. Sept. 27, 2005))).

Finally, there is no indication transfer in this case would unduly burden the judicial system.

## IV.    CONCLUSION

For the foregoing reasons, the court ALLOWS (Dkt. No. 12) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer because this court lacks personal jurisdiction over the Defendants. Accordingly, the court DISMISSES as moot Defendants' (Dkt. No. 11) Motion to Dismiss for Failure to State a Claim in Quantum Meruit. The court further orders the case be transferred to the District of Connecticut pursuant to 28 U.S.C. § 1631.

It is So Ordered.

        /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge